Good morning, Your Honors. May it please the Court, Stephen Doniger appearing on behalf of Appellant. At this time, I'd like to reserve five minutes for my rebuttal. Please watch the clock. Thank you. Your Honor, we're here today not only to ask the Court to reverse the District Court's ruling, which threw out a case effectively finding an invalid registration despite a finding of no fraud, which is in clear violation of this Court's August 2010 ruling in the Jules Jordan decision, but also to ask this Court to clarify that any allegations of fraud must relate to ownership or copyrightability. Otherwise, they're not material. We cited in our brief the section of Professor Nimmer, which says effectively that, well, not effectively, to quote it, that outside of questions of fraud regarding ownership and registability, that it's certainly not the province of the Court to construe copyright regulations in order to conclude that a particular certificate should not have issued. Isn't the question whether the register of copyrights would kick it or not? Basically, yes. This Court has said over and over again that where the Copyright Office would have in due course registered the work, where it is registrable, that the Court is mindful. And I believe that one of the most relevant cases is, of course, the... I just lost myself. Take your time. Counsel, you don't have to tell us the names of the cases. Just tell us the principle that you think the cases hold, and we'll figure it out. Of course. And it is in the briefs. The principle is that the Ninth Circuit has clearly said that it's mindful of not invalidating registrations over ministerial errors, over errors that really effectively are depriving copyright owners of the protection of copyright law over errors that don't actually go to the ownership of copyrightability. But let me ask you this, which I was puzzling over. So the issue here is the first publication date. And if it turned out that this particular design, I forgot its number, G70132, had been published separately earlier, whatever, wouldn't the register of copyright have said you can't register, you can't file, we won't accept this registration because one of them was published earlier? I mean, doesn't that meet that standard? It's an interesting hypothetical, and I'm happy to address it, but I first want to note that there's no evidence in the record that... Well, then let me get to that point, which to me is more crucial, which is the summary judgment standard. You have the registration certificate, which is prima facie evidence that it was first published on December 7, 2005. And so what other evidence, or is that enough to at least raise a genuine issue of material fact? Well, approximately a year ago, I was actually here before the Ninth Circuit. My firm was counsel in the United Fabrics International v. C&J case. And in that decision, the courts specifically addressed the question of what evidence is necessary by the defendants to rebut the presumption afforded by the registration. And it clarified that in that case, as in this case we believe, counsel really turns the burden of proof on its head and asks the same question you're asking, well, what evidence is there? And the fact is that it's the defendant's burden to show some evidence, and there was no evidence in this case. So they point to a declaration by Mr., I guess Mr. Knott, saying that, well, we did this additional work with the 70132 in February 2006. I think that's primarily what they're relying on. Absolutely. That is what they're relying on. The problem is that doesn't say that it was first published then. What it says is that into the following year, that's when they began extensively offering and selling it. But it doesn't in any way contradict or invalidate the first date of publication. Counsel, at that point, didn't you have the burden to submit further evidence to prove that the collective work was offered in December of 2005? There was that evidence in the record, I believe. The short answer is, and I see my time is about up, but the short answer is no because the fact that a design was extensively offered for sale later is not inconsistent with and thus is not evidence to contradict that it was first published earlier. I see my time is up. I will. I have a question I'd like counsel to address now, if he could. Of course. I know there's an interrogatory answer on access that suggests that this particular design was offered in samples and then I think sold starting in December 2005. That's my recollection. I wanted to know what is the law if it turned out that this design was published separately but not as part of a group. Let's say it was published separately but there's no evidence that it was published in a group publication apart from the registration itself. Are we supposed to uphold like the suit on the copyright then or is there a problem because there's a failure of proof that there was group publication? I believe this is exactly what the Ninth Circuit addressed in the UFI v. C&J case and I believe the answer is that unless there's evidence that the designs, in fact, were not first published as a group in December of 2005, then there is no evidence to contradict or about the presumption and plaintiff gets the presumption and the case should have proceeded forward. So you think that the district court judge, when he thought there was some evidence that it was published separately and not in a group, that he's wrong in that because the evidence of what happened in February 2006 isn't some evidence of what happened back in December? That's exactly right. And in fact, it would be an absurdity to hold that if a design is properly first published as a single unit of publication is first published at a certain point and a year later the designs are offered separately, that that would somehow then invalidate your right to see copyright protection in some works that were properly first registered. It would be an absurdity and that's effectively the facts that we have here. Okay. Okay, thank you. Sorry I took you over your time, but perhaps Judge Ikuda could give you a minute for rebuttal. Oh, I would appreciate it. Good morning, Your Honors. May it please the Court. My name is Robert Collins and I represent the appellees in this matter, Ms. Bubbles, Incorporated and Arrow Postall, Incorporated. Appellants have insisted on this Court hearing an appeal of the Honorable Dean Pregerson's granting summary judgment in favor of appellees. However, this appeal is baseless as there is no viable evidence before the Court that appellants possess a valid copyright in the G70132 design. Why isn't the registration certificate itself, Codger 410C, prima facie evidence of the facts stated in the certificate? The certificate says that the Geometric Group 4 designs were first published December 7, 2005. So there is evidence on that point in the record. I think you're correct, Your Honor. Under 410C, because the registration was issued within five years of publication of the collection, alleged publication of the collection, presumption of validity does attach. However, appellees successfully rebutted any presumption pursuant to 410C and the Entertainment Research Group matter decided by this Court. And frankly, the evidence is overwhelming in the record that the work was not published until February of 2006. Well, what is that evidence other than Mr. Nall's declaration, which the opposing counsel argues is consistent with having first published it in December 2005? Well, I'd like to speak briefly about Mr. Nall's declaration, Your Honor, because I think the representation by counsel is inaccurate. I think if the Court looks at the language of Mr. Nall's declaration, he indicates that LA Print Text began offering the G70132 design for sale in February of 2006. You can only begin offering something for sale once. Furthermore, Mr. Nall's declaration and admission, frankly, that the publication began in February of 2006. So that says to the public, right? The sentence in the declaration says began offering for sale and making sales to the public. And would they still be covered if they offered for sale to groups or entities who were then going to distribute it to the public? I don't believe that there's evidence in the record that they did do that. But they don't have the burden rights to put in that evidence. They have the burden. They enjoy a presumption of validity in the registration, and they were required to offer some evidence about that presumption under Entertainment Research Group. We've succeeded in doing that. But to answer Your Honor's question more directly, I believe that showing a set of designs, if in fact they did do that, and there is no record evidence that they did do that, to a limited number of individuals would accomplish only limited publication, which is not publication as contemplated by 17 U.S.C. 101. Counsel, let me tell you what bothers me about this case. It's on summary judgment. And you claim that you submitted undisputed evidence that the designs compromising the so-called collective work were never published in a single unit of publication. But is it true the evidence you submitted only proved that the subject design was sold independently beginning in February of 2006? This does not actually prove that the collective work was never offered for sale in December of 2005. Isn't this a question for the jury? Your Honor, I think that Mr. Nod's declaration is very clear that they began offering it in February of 2006. I mean, I'm looking at now the definition of publication, which says the offering to distribute copies to a group of persons for purposes of further distribution constitutes publication. And although I don't know that there was evidence, that's what they told us in the briefs, that was their M.O. for making these designs available. So why shouldn't that, as Judge Nelson points out, create at least a genuine issue of material fact? Well, Your Honor, I think that the reference in the deposition testimony of J. Nod that you're referring to was in reference to a general practice of showing designs to customers. But in this instance, in this matter, in regard to G70132, we have very specific evidence that the offer for sale did not begin until February of 2006. And as Justice Gould asked counsel, in regard to interrogatory response number four, which is at the supplemental excerpts of records 84, the evidence demonstrates that they didn't begin sampling or offering the item for sale until 2006, near the 2007. Let me ask about Mr. Nod's deposition. The district court granted summary judgment in part based on the fact that Mr. Nod's testimony during his deposition suggested that, and I quote, that the geometric group four patterns were not displayed to customers as a collection in December 2005 as LAP's registration application claimed. I couldn't find it. Where in Mr. Nod's deposition transcript is this suggestion even made? Again, Your Honor, I think Mr. Nod made reference to a very general business practice of LAP, but the evidence of what occurred in regard to the design of issue in this matter is very specific. Well, Mr. Nod was very general, but the district court was very specific. I just couldn't find it anywhere. If it's there, I'd love to have you show me where it is. I don't have the excerpt of records cited in front of me, Your Honor. I think that the reference made by Mr. Nod to a general business practice was just that, and that the evidence of what occurred. That's how I read it. Yeah, and the evidence of what occurred in regard to G70132 is very, very specific. We began offering it in February of 2006. That's corroborated by their inter-arbitrary response saying that it wasn't sampled until 2006 and into 2007, and furthermore corroborated by the sales invoices that show the first sale of the design occurred on February 24th of 2006. Yeah, well, Mr. Nod was an excerpt of record 80 to 82, and I couldn't find anywhere where the district court quote could find a quote to that effect, and you've just confirmed that. All right, thank you. Thank you, Your Honor. Kate, if I could interject a question. We're giving you sort of a strenuous argument, but you have broad copyright shoulders, so I'm sure you can answer. Here's my question. I understand how an appellate court or district court can get a good handle on issues like access or similarity. They're sort of traditional types of issues that we can grapple with, but I'm having trouble understanding how we are supposed to be able to say if the copyright registrar would or should have accepted something as copyrightable and issued a registration. So I have a lot of conceptual difficulty with seeing our role in a case where the argument is that something wasn't properly submitted to be registered, shouldn't have been registered because they published something separately or not in a group, or they didn't do it at the time. Is there a procedure that would let parties go into the copyright registrar's office and ask them to invalidate a registration? I think that for inadvertent errors that appear on the face of copyright certificates, there is a procedure under 412B, Your Honor, but it's appellate's position that that's not in play for purposes of this appeal. Are you referring to the statutory section saying that if there's inaccurate information alleged, then the court has an obligation to request the register of copyrights to advise the court whether the inaccurate information, if known, would have caused the register to refuse registration? Right, but Why isn't that applicable here? Why didn't the district court have that obligation? Well, first of all, I think the district court indicated that their ruling was based on these burden-shifting analysis for summary judgments under Celotex. They enjoyed a rebuttable presumption of validity. We successfully rebutted it, and the burden then shifted back to them to provide some evidence that they had a valid copyright in their G70132 design. But I think it's important also to note that in United Fabrics, the case where counsel represented the copyright plaintiff, this court did draw conclusions about validity of a copyright by examining 37 CFR 202.3. In that instance, it was an unpublished work, but the court reviewed the requirements, applied the law, and concluded ultimately that there was a valid copyright. They didn't defer to the Copyright Office. They made the ruling based on the law, which the regulations are promulgated as a result of 17 U.S.C. 408C, and they've become part of our copyright law. And it's the province of the court to analyze the copyright law and apply it to the facts. So are you saying that this statutory requirement about inaccurate information, that courts should not comply with it? No, Your Honor, I'm not saying that. And I think in the instance, in the United Fabrics case as well, there was also an issue of whether the work was properly characterized as a derivative work. And the court did note in analyzing that issue that issues of fraud and 412B should apply. But in analyzing the compliance with 37 CFR 202.3, no mention of 412B, no mention of a fraud requirement, and yet the court drew conclusions about validity of the copyright. And frankly, it stands to reason. The CFR provides two courses for registration of a collection in a single unit. If it's a published work, it has to have been published in a single unit. If it's an unpublished work, they have to all have been unpublished at the date of registration. If the parties fail to comply with those requirements, they fail to present a registrable work to the Copyright Office. And it's not something that can be corrected, like failure to identify something as a derivative work, or failure to identify the author properly. You can't go back and publish in a single unit works that were not published though initially. You can't go back and unpublish works that were published prior to registration. I understand, Your Honor. We did have other points to raise with the court in regard to our brief, but I've enjoyed discussing what we have. Thank you. All right. Thank you. And we'll give you an extra minute, as Judge Gold suggested. Thank you. I appreciate that. Right after the Jules Jordan decision came out, I had the pleasure of listening to oral argument. And Judge Kaczynski, from sitting up there, asked the defense counsel, where is the fraud? Where is the fraud? And the question was asked multiple times, where is the fraud? And it became very clear that absent fraud, you don't invalidate a registration, because it would be wholly inconsistent with a wide body of case law in the Ninth Circuit as to what possibly could invalidate a registration. Now, counsel mentions that in the recent C&J case, you know, the court evaluated it without complying with the PRO-IP Act. Red herring argument. The real issue there is that the court said defendants, in that case, failed to meet their burden of showing some evidence that could rebut the registration. And with defendants failing to meet their burden, there's nothing to send to the registrar of copyright pursuant to the PRO-IP Act. So it's a non-issue. If the court actually thinks there is evidence, then by statute, by legislation, it has to be sent to Congress under the PRO-IP Act. But there's a bigger issue. And the bigger issue is that under the PRO-IP Act, under the clear wording of it, and under clear Ninth Circuit authority, there has to be some evidence of fraud. And in this case, the district court specifically found that there is no evidence of fraud. There's no evidence of fraudulent intent. And in the Jules Jordan opinion, the court, in fact, said that there would be no reason for fraud because the plaintiff owns the registration. The plaintiff certainly could have registered the work correctly. And under those circumstances, we're not going to deprive a copyright owner of the right to enforce the work. This court can't create a scheme that gives infringers the ability to roll the dice on infringements, hoping that when a plaintiff tries to enforce their rights, they can find some technical error in the registration. Well, you could go ahead and re-certify it, right, re-register it. You just would be deprived of attorney's fees. No, it would be beyond the statute of limitations in a lot of these cases. You know, you find an infringement. It gets thrown out. Next thing you know, you try to re-register, and it's beyond the three-year statute. You've got a real problem. Unless the rule is exactly what the Ninth Circuit has said over and over again, that there has to be fraud regarding ownership and copyrightability, there's going to be a real problem because copyright law extends for the life of the author plus 70 years. And the reality is, in this case, you've got a design that was created in 2005. There could be issues where the design was created in 1965 and is still within copyright protection, and good luck finding the records of first publication. And the defendants want to effectively reverse the burden of proof and say, if we can show subsequent sales separately, then the burden shifts to the plaintiff to have to show that it was first registered as a collective. It doesn't make any sense. And I would point out that the House of Representatives in the 1976 amendment in the House Records stated the provision empowering the registrar to allow a number of related works to be registered together as a group represents a need and important liberalization of the law now in effect. At present, the requirement for separate registrations where related works or parts of work are published separately has created administrative problems, unnecessary burdens and expenses on authors of copyright owners. And they say, basically, examples of cases where the undesirability and unnecessary results could be avoided by allowing single registration include, and they cite, a group of jewelry designs. Well, that's exactly what the intention was, was to have a group of jewelry designs. No one's going to buy the entire collection. You go buy a piece of jewelry. You buy this piece of jewelry. The fact that they were subsequently sold separately, despite being offered as a collection, was entirely contemplated, was never intended to allow defendants to come in and use as evidence to rebut the presumption of first publication in the registration. Can you wrap up? Thank you. You're over time. Of course. I'm aware of about at least about half a dozen cases that are currently on appeal dealing with very similar issues where defendants have, despite the Jules Jordan requirement to fraud, have gotten district courts to invalidate cases based on technical errors. Now, I'm also aware of dozens and dozens of cases where district courts have properly declined to do that. But because this is a pervasive problem, we're asking the court not only to say that this case has to be reversed because there's a lack of fraud, but to point out that that fraud has to relate to ownership and copyrightability. Otherwise, all you're doing is inviting people to try to strip legitimate copyright holders of the protections of copyrightable works. Thank you. Thank you. All right. The L.A. Printext case 56149 is submitted. And we'll now hear L.A. Printext v. Errol Hussall, the 56187 case. Thank you.
judges: Nelson, Gould, Ikuta